**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **BRIAN TAYLOR,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action 1:15-cv-1405-TSE-JFA |
| ) | |
| **CORELOGIC SAFERENT, LLC,** ) | |
| ) | |
|     **Defendant.** ) | |

**DEFENDANT CORELOGIC SAFERENT, LLC'S RESPONSES TO
PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 26 and 34 and Local Civil Rule 26(C), Defendant CoreLogic SafeRent, LLC ("SafeRent") responds to Plaintiff's First Requests for Production of Documents ("Document Requests") as follows:

**RESPONSES**

**DOCUMENT REQUEST 1:** Please produce all documents identified in or used in drafting your answers to the Interrogatories propounded by the Plaintiff.

**RESPONSE:** SafeRent objects to this Document Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, SafeRent directs Plaintiff to Bates Nos. Taylor-SafeRent_000001-28, which were produced with SafeRent's Rule 26(a)(1) Initial Disclosures. In addition, SafeRent will produce other documents regarding Plaintiff's tenant screening report and file disclosure request that are in its possession.

responses to Plaintiff's Interrogatories, Crimcheck America is a trade name that has been used by SafeRent. It is not a separate entity. Therefore, SafeRent has no documents responsive to this Request.

**DOCUMENT REQUEST 4:** All documents related to your procedures for assigning information to a consumer's file, including your matching procedures and algorithms.

**RESPONSE:** SafeRent objects to this Document Request to the extent that it is vague and ambiguous, particularly as to the terms "assigning," "matching procedures" and "algorithms," which are not defined terms. SafeRent objects to this Document Request to the extent that it is overbroad and calls for irrelevant information because it seeks "[a]ll documents related to [SafeRent's] procedures for assigning information to a consumer's file," irrespective of whether these documents are relevant to a party's claim or defense, or are reasonably calculated to lead to the discovery of admissible evidence. SafeRent objects to this Document Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege. SafeRent further objects to this Document Request to the extent it calls for confidential business, financial, commercial or proprietary information or trade secrets. SafeRent objects to this Document Request to the extent that it seeks information outside of the timeframe relevant to this matter. SafeRent further objects to the request to produce "all documents" as overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, SafeRent directs Plaintiff to its response to Interrogatory No. 1, which sets forth the process used by SafeRent to include public records from its sources on Plaintiff's report. Otherwise, SafeRent responds that it its proprietary "matching procedures and algorithms" are built into SafeRent's computer systems, and any

3

and calls for irrelevant information because it seeks all documents that "in any way references Plaintiff and/or his personal identifiers" irrespective of whether these documents are relevant to a party's claim or defense, or are reasonably calculated to lead to the discovery of admissible evidence. SafeRent objects to this Document Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, SafeRent directs Plaintiff to Bates Nos. Taylor-SafeRent_000001-28, which were produced with SafeRent's initial disclosures. In addition, SafeRent will produce other documents regarding Plaintiff's tenant screening report and file disclosure that are in its possession.

**DOCUMENT REQUEST 7:** Produce all policy manuals, procedure manuals or other documents, which address your policies, practices or procedures designed to maximize accuracy of your public record information.

**RESPONSE:** SafeRent objects to this Document Request to the extent that it is vague and ambiguous, particularly as to the terms "designed," "maximize," and "public record information," which are not defined terms. SafeRent objects to this Document Request to the extent that it is overbroad and calls for irrelevant information because it seeks "all policy manuals, procedure manuals or other documents" irrespective of whether these documents are relevant to a party's claim or defense, or are reasonably calculated to lead to the discovery of admissible evidence. SafeRent objects to this Document Request to the extent that it seeks information outside of the timeframe relevant to this matter. SafeRent further objects to this Document Request to the extent it calls for confidential business, financial, commercial or

5

privilege log.

**DOCUMENT REQUEST 24:** All documents, manuals, guides, procedures or other materials relating to your policies or procedures for compliance with 15 U.S.C. § 1681g(a)(2).

**RESPONSE:** SafeRent objects to this Document Request to the extent that it is overbroad and calls for irrelevant information because it seeks "all policy manuals, procedure manuals or other documents" irrespective of whether these documents are relevant to a party's claim or defense, or are reasonably calculated to lead to the discovery of admissible evidence. SafeRent objects to this Document Request to the extent that it seeks information outside of the timeframe relevant to this matter. SafeRent further objects to this Document Request to the extent it calls for confidential business, financial, commercial or proprietary information. SafeRent objects to this Document Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, *see* SafeRent's response to Interrogatory No. 5, which notes that SafeRent fully disclosed the "sources" (*i.e.*, the jurisdictions) that provided SafeRent with the information contained on Plaintiff's report.

**PLANNED WITHHOLDING: SafeRent is withholding documents responsive to this Request based on the objections stated above.**

**DOCUMENT REQUEST 25:** All documents, manuals, guides, procedures or other materials relating to your policies or procedures for how you identify the "sources of information."

overbroad and calls for irrelevant information to the extent that it seeks all documents including the terms "source of information" or "sources of information," irrespective of whether these documents are relevant to a party's claim or defense, or are reasonably calculated to lead to the discovery of admissible evidence. SafeRent objects to this Document Request to the extent that it seeks information outside of the timeframe relevant to this matter. SafeRent objects to this Document Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, *see* SafeRent's response to Interrogatory No. 5, which notes that SafeRent fully disclosed the "sources" (*i.e.*, the jurisdictions) that provided SafeRent with the information contained on Plaintiff's report.

**PLANNED WITHHOLDING: SafeRent is withholding documents responsive to this Request based on the objections stated above. SafeRent objects to producing documents responsive to this Request because, as drafted, it would require a company-wide search of all documents for a phrase that will return voluminous, patently-irrelevant results. The proposed search would also be unduly burdensome and plainly violate the proportionality requirement of Rule 26(b)(1).**

**CORELOGIC SAFERENT, LLC**

By: /s/ *Meagan A. Mihalko*
David N. Anthony
Virginia State Bar No. 31696
Meagan A. Mihalko
Virginia State Bar No. 80703
*Attorneys for Defendant CoreLogic SafeRent, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23218
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
E-mail: david.anthony@troutmansanders.com
E-mail: meagan.mihalko@troutmansanders.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served via electronic mail upon the following counsel of record, this 2nd day of February, 2016:

>Kristi C. Kelly
>Andrew J. Guzzo
>KELLY & CRANDALL PLC
>4084 University Drive, Suite 202A
>Fairfax, VA 22030
>Telephone: 703-424-7570
>Facsimile: 703-591-0167
>Email: kkelly@kellyandcrandall.com
>Email: aguzzo@kellyandcrandall.com
>
>*Counsel for Plaintiff*

>/s/      *Meagan A, Mihalko*
>Meagan A. Mihalko
>Virginia State Bar No. 80703
>*Attorneys for Defendant CoreLogic SafeRent, LLC*
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, VA  23219
>Telephone: 804-697-1281
>Facsimile: 804-697-1339
>Email: meagan.mihalko@troutmansanders.com