**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **BRIAN TAYLOR,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action 1:15-cv-1405-TSE-JFA |
| | ) | |
| **CORELOGIC SAFERENT, LLC,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

**DEFENDANT CORELOGIC SAFERENT, LLC'S**
**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 26 and 33 and Local Civil Rule 26(C), Defendant CoreLogic SafeRent, LLC ("SafeRent") responds to Plaintiff's First Set of Interrogatories as follows:

**RESPONSES**

**INTERROGATORY 1**:  Separately list each procedure you followed in preparing each credit report which related to the Plaintiff that you contend was a "reasonable procedure" that you followed "to assure maximum possible accuracy of the information" contained within the credit report and identify all documents and all persons with knowledge that supports your claim that you followed such procedures.

**RESPONSE**:  SafeRent objects to this Interrogatory to the extent that it seeks information that constitutes confidential business, financial, commercial, and proprietary information, including trade secrets.  SafeRent further objects to the request to identify "all documents" and "all persons" as facially overly broad and unduly burdensome.  SafeRent's investigation into this matter is ongoing and, therefore, SafeRent reserves its right to supplement this response.

SafeRent further responds that the allegations of the Complaint do not implicate any "credit report" prepared on Plaintiff by SafeRent. Rather, Plaintiff's allegations relate to a tenant screening report prepared by SafeRent in February 2015. As literally drafted, this Interrogatory seeks information regarding a "credit report" that is not at issue in this case. Therefore, by definition, it seeks the discovery of entirely irrelevant information.

Subject to and without waiving the foregoing objections, SafeRent states that Plaintiff's tenant screening report was prepared from data stored in SafeRent's database, which has been built from public records, including the relevant public records previously obtained from the Michigan and Ohio Departments of Corrections. In obtaining the public record data from those sources, SafeRent sought to receive all public record data made available consistent with open record laws, court rules and other administrative orders, including the Rules of Superintendence for the Courts of Ohio and Michigan Supreme Court Administrative Order 2006-2.

The records housed in SafeRent's database are continually updated. The information received by SafeRent from its sources is subject to numerous quality-control processes to ensure that it is accurately incorporated into SafeRent's database using the exact text that was supplied by the governmental source. SafeRent formats the data so that it can be incorporated correctly in the database in a standardized format (for example, so that the description of the nature of the offense provided by the governmental source is correctly matched to an offense description field in the database). The data is then subject to continuous quality control efforts by SafeRent. During this process, SafeRent does not alter the data, so that the data provided by the source is transcribed into the Multistate Database using the text in which it was supplied.

SafeRent's client, Bennett Park Apartments, submitted the following personal identifying information to SafeRent with its request for a Multistate Criminal Search Report ("MCSR"):

2

- First name "Brian";

- Last Name "Taylor";

- Date of Birth "04/07/1968";

- SSN "***-**-9962"; and

- Address "1919 Clarendon Blvd. Arlington, VA 20598."

SafeRent then used its proprietary and confidential algorithm to match this personal identifying information to the identifying fields of data provided by the source for each record contained in its database. Each criminal record item included in the MCSR exactly matched the first and last name and full date of birth provided above. No SSNs were provided by the data sources, and only one provided any address information.

The MCSR also contains a standard notice that appears in all SafeRent MCSRs, which states:

> WARNING: The accurate input of name, SSN, date of birth and address is required to improve the retrieval of information relating to the applicant. Due to the nature of public records and/or the nature of the query, (I) listings above may not pertain to the individual applicant in question or (II) there will be instances where no criminal information is reported with regard to persons who in fact have criminal records. Records are selected on the basis of personal identifier(s) information match(es) with the applicant (if and when available). There is a wide diversity in the types of criminal records made available by various jurisdictions and in the content of such records and due to the organization of criminal records and/or the nature of the query, there will be instances where identifying information appears to match the applicant on which a report is sought, which information may not pertain to the applicant. You shall take independent verification of the information contained in this report to ensure that it pertains to the applicant before you take any adverse action against the applicant. Though information contained in this report is obtained from court files and/or government public records sources, the accuracy of such information is not guaranteed. Use of this report must be in compliance with your service agreement with Corelogic Saferent, Inc. ("SafeRent"), and other applicable federal, state and local laws, rules, regulations, ordinances and court orders. Users should consult with their counsel about requirements and/or limitations, with regard to information contained in this report.

3

SafeRent's contract with the customer at issue here, as well as SafeRent's Terms and Conditions, also contain language consistent with that notice.

SafeRent further responds to Interrogatory No. 1 by identifying Praveen Chandramohan as an individual with substantial knowledge regarding the business processes described above.

**INTERROGATORY 2**:  Identify every lawsuit in which you have been sued for an alleged violation of 15 U.S.C. § 1681e(b) within the past three years.  For each such lawsuit, identify the style of the case, the court in which the action was brought, the case number, the name of the plaintiff's attorney, the co-defendants in that case, the date the case was filed, and the disposition in the case.  If it was settled, state the terms of the settlement.

**RESPONSE**:  SafeRent objects to this Interrogatory to the extent that it is overbroad (including as to time), unduly burdensome, and calls for irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence because any other lawsuits in which SafeRent may have been named have no bearing on the specific claims and defenses in this particular litigation and are also not relevant to an assessment of "willfulness" under the standards set forth in *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007).  SafeRent objects to this Interrogatory to the extent that it seeks public information that is equally available to Plaintiff.  SafeRent objects to this Interrogatory to the extent it seeks confidential information regarding the "disposition" of the actions.

Subject to and without waiving the foregoing objections, SafeRent responds as follows: to the extent that this interrogatory seeks information regarding the number of lawsuits filed against SafeRent, such information can be obtained by Plaintiff through the Public Access to Electronic Court Records ("PACER") website, as well as other widely-available commercial

products, such as LexisNexis. SafeRent submits that the burden of identifying the particular claims asserted in those actions is substantially the same for either party, and pursuant to Fed. R. Civ. P. 33(d), SafeRent directs Plaintiff to such documents to ascertain the requested information. SafeRent also is unaware of any lawsuit within the requested time period that has resulted in a finding of liability with respect to the types of claims alleged here. Moreover, the matching process applied to each report provided by SafeRent is a highly individual inquiry and, therefore, prior cases against SafeRent are irrelevant with respect to the matching logic applied to Plaintiff. Responding further, SafeRent is unaware of any prior cases which concern records provided by Berrien County, Michigan and Franklin, Ohio courts which matched on the same criteria as the records included in the report prepared as to Plaintiff.

**INTERROGATORY 3**: State your net income and net worth for the preceding 24 quarters.

**RESPONSE**: SafeRent objects on the grounds that this request seeks information beyond the permissible scope of discovery, is overly broad (including as to time), and is unduly burdensome and oppressive. SafeRent further objects to the production of this information in a pretrial posture, including before any finding of "willfulness" by a jury.

**INTERROGATORY 4:** Please identify all individuals known to you or your attorney who are witnesses to the events described in Plaintiff's complaint or to any event which is the subject of any defense you have raised to this lawsuit. For each person, please provide a brief summary of facts to which each person might or could testify.

**RESPONSE:** SafeRent objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any

5

other applicable privilege. SafeRent objects to this Interrogatory to the extent the term "events" is vague and ambiguous. SafeRent's investigation into this matter is ongoing and, therefore, SafeRent reserves its right to supplement this response.

Subject to and without waiving the foregoing objections, SafeRent identifies the following individuals who may be witnesses to the facts alleged in Plaintiff's complaint:

- Plaintiff likely has information related to the personal identifying information he submitted on his application to Bennett Park Apartments. Plaintiff also should have information regarding his communications with Bennett Park Apartments and SafeRent.

- Representatives of Bennett Park Apartments are likely to have information related to Plaintiff's application process and the tenant screening that was conducted regarding Plaintiff. Representatives of Bennett Park Apartments also likely have information regarding the basis for the denial of Plaintiff's application.

- Representatives of the courts in Berrien County, Michigan and Franklin, Ohio may have information related to the records to which Plaintiff was matched.

- Individuals identified in Plaintiff's Initial Disclosures may have information related to the allegations in Plaintiff's Complaint.

- Praveen Chandramohan as an individual with substantial knowledge regarding the business processes described above in response to Interrogatory No. 1.

- Representatives from SafeRent who handled Plaintiff's full file disclosure request have information related to SafeRent's processes and procedures with respect to providing full file disclosures to individuals who request them.

**INTERROGATORY 5:** Please state in full detail your policies and/or procedures for determining the identity or name of the entity reported by you as the "source of the information" pursuant to 15 U.S.C. § 1681g(a)(2), including the names and titles of the employees involved in the process.

**RESPONSE:** SafeRent objects to this Interrogatory to the extent that it is overbroad (including as to time), unduly burdensome, and calls for irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, including because this Interrogatory requests policies and procedures for all entities reported as sources of information, rather than being limited to the entities reported as sources of information on the report prepared as to Plaintiff. SafeRent objects to this Interrogatory to the extent that it seeks information that constitutes confidential business and proprietary information, including trade secrets.

Subject to and without waiving the foregoing objections, SafeRent reports the identity of the agency or court from where the public record information originated. For example, with respect to the information included on Plaintiff's report as Item 001, SafeRent identifies the jurisdiction from where the records were obtained: "Berrien, MI." The same is true with respect to Item 002 where SafeRent identifies the jurisdiction from where the records were obtained as Franklin, OH.

In addition, the "Multistate Criminal Search Report by Crimcheck America" heading on the top of each page of the Multistate Criminal Search Report does not identify any source of information. "Crimcheck America" is not a separate entity from SafeRent. Thus, the records obtained and reported by SafeRent did not originate with Crimcheck America, but instead originated in the jurisdictions identified on the tenant screening report.

**INTERROGATORY 6:** Identify any research, study, report, memo, email or other document you have generated since January 1, 2012 that analyzes, discusses, or in any way references your policy and procedure for compliance with 15 U.S.C. § 1681e(b) or the manner in which you ensure the maximum possible accuracy of the credit reports you publish.

**RESPONSE:** SafeRent objects on the grounds that this request seeks information beyond the permissible scope of discovery, is overly broad (including as to time), and to the extent that it seeks the discovery of privileged information. Indeed, as literally drafted, this Interrogatory would require SafeRent to conduct an exhaustive search of its entire company to identify any instance where its matching processes were discussed. Such a request would be in violation of the proportionality requirements of Rule 26(b)(1).

SafeRent further responds that the allegations of the Complaint do not implicate any "credit report" prepared on Plaintiff by SafeRent. Rather, Plaintiff's allegations relate to a tenant screening report prepared by SafeRent in February 2015. As literally drafted, this Interrogatory seeks information regarding "credit reports," which are not at issue in this case. Therefore, by definition, it seeks the discovery of entirely irrelevant information.

Subject to and without waiving the foregoing objections, SafeRent responds as follows: At this time, SafeRent is not aware of any changes to its proprietary matching processes from the time that Plaintiff's report was generated to the present date. SafeRent, however, does continuously review its proprietary processes with the assistance of its technical team to seek out ways to enhance its ability to match public records in its database to the subject of the report.

In further response, SafeRent does track the number of disputes that it receives relative to the number of reports it has transmitted. Out of the tenant screening reports that it has issued

containing criminal records over the approximately preceding three years prior to the date of Plaintiff's report, less than two percent have resulted in any type of dispute.

Responding further, documents in the possession of SafeRent addressing specifically "compliance with 15 U.S.C. § 1681e(b)" during the specified time period would generally have been generated in response to specific lawsuits that have been filed against SafeRent by third-party consumers under that provision of the FCRA. Those documents would plainly constitute work product and attorney-client privileged communications, and SafeRent objects to any requirement that it itemize on a privilege log created for this lawsuit each communication that it has had with its counsel and/or internally in connection with any prior litigation raising claims under § 1681e(b) over the past four years.

**INTERROGATORY 7:**    Identify the person or company who directly furnished you with the public record information you reported about the Plaintiff.

**RESPONSE:**   The disputed information in Item 1 and Item 6 originated with the Michigan Department of Corrections and the disputed information in Item 2 originated with the Ohio Department of Corrections.

**INTERROGATORY 8:**    Identify any research, study, report, memo, email or other document you have generated since January 1, 2012 that analyzes, discusses, or in any way references your policy and procedure for compliance with 15 U.S.C. § 1681g(a)(2) or the manner in which you identify the sources of information in your credit reports.

**RESPONSE:** SafeRent objects on the grounds that this request seeks information beyond the permissible scope of discovery, is overly broad (including as to time), and to the extent that it seeks the discovery of privileged information.

Subject to and without waiving the foregoing objections, SafeRent responds as follows: At this time, SafeRent is aware of no such "studies" or "reports" or other like documents responsive to Interrogatory No. 8. In further response, see SafeRent's response to Interrogatory No. 5, which notes that SafeRent fully disclosed the "sources" (*i.e.*, the jurisdictions) that provided SafeRent with the information contained on Plaintiff's report.

            **CORELOGIC SAFERENT, LLC**

            By:/s/  *Meagan A. Mihalko*
            David N. Anthony
            Virginia State Bar No. 31696
            Meagan A. Mihalko
            Virginia State Bar No. 80703
            *Attorneys for Defendant CoreLogic SafeRent, LLC*
            TROUTMAN SANDERS LLP
            1001 Haxall Point
            P.O. Box 1122
            Richmond, VA  23218
            Telephone: (804) 697-5410
            Facsimile: (804) 698-5118
            E-mail: david.anthony@troutmansanders.com
            E-mail: meagan.mihalko@troutmansanders.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served via electronic mail upon the following counsel of record, this 2nd day of February, 2016:

>Kristi C. Kelly
>Andrew J. Guzzo
>Kelly & Crandall PLC
>4084 University Drive, Suite 202A
>Fairfax, VA 22030
>Telephone: (703) 424-7570
>Facsimile: (703) 591-0167
>Email: kkelly@kellyandcrandall.com
>Email: aguzzo@kellyandcrandall.com
>
>*Counsel for Plaintiff*

/s/     *Meagan A. Mihalko*
Meagan A. Mihalko
Virginia State Bar No. 80703
*Attorneys for Defendant CoreLogic SafeRent, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA  23219
Telephone: 804-697-1281
Facsimile: 804-697-1339
Email: meagan.mihalko@troutmansanders.com

27908721v1