## Andrew Guzzo

| | |
|---|---|
| **From:** | Andrew Guzzo |
| **Sent:** | Wednesday, February 24, 2016 5:46 PM |
| **To:** | Mihalko, Meagan Anne; Kristi Cahoon Kelly |
| **Cc:** | Anthony, David N. |
| **Subject:** | RE: Taylor ads. SafeRent - Discovery Meet and Confer Follow Up |

Meagan,

Thank you for your email. It was my understanding that you and Kristi had a separate meet and confer regarding the objections, but I am happy to push the objections to a later motion if necessary. Please let me know a time that works for your side next week.

The bigger issue is that you have not indicated that you are withholding documents related to 1681e(b) or the matching procedures. You produced a policy manual dated May 2015 when the consumer report at issue is dated February 2015. We really need clarification on why you produced the May 2015 policy-- not a policy from February 2015. Moreover, we need you to confirm this is the only policy and no additional or supplemental documents exist.

Can you please let us know. Thank you.

Andrew

---

**From:** Mihalko, Meagan Anne [Meagan.Mihalko@troutmansanders.com]
**Sent:** Wednesday, February 24, 2016 11:40 AM
**To:** Andrew Guzzo; Kristi Cahoon Kelly
**Cc:** Anthony, David N.
**Subject:** RE: Taylor ads. SafeRent - Discovery Meet and Confer Follow Up

Andrew,

I will provide the supplemental responses. With respect to the objections, we have indicated where we are withholding documents, to avoid you having to guess whether we are withholding information. However, if you can send the briefing in Turnage, I will review it. David was not involved in the case (other than noting his appearance, so please forward the briefing or authority when you have a chance, I know you are in a mediation today).

With respect to the objections, we did not previously meet and confer on those and we would be willing to consider withdrawing certain discrete objections after we have a chance to meet and confer by phone. As we previously mentioned, Tim St. George is traveling but will be back Monday if you would like to set up a call next week to further discuss the objections.

Thanks,
Meagan

**From:** Andrew Guzzo [mailto:aguzzo@kellyandcrandall.com]
**Sent:** Tuesday, February 23, 2016 10:21 PM
**To:** Mihalko, Meagan Anne; Kristi Cahoon Kelly
**Cc:** Anthony, David N.
**Subject:** RE: Taylor ads. SafeRent - Discovery Meet and Confer Follow Up

Meagan,

We would prefer if you provide supplemental responses to ensure we are on the same page. Otherwise, we are left guessing as to what has been produced and what has been withheld.

In this same vein, we would ask that you withdraw all objections unless you are withholding any information based on that specific objection. Unless you withdraw the objection, we are left guessing whether you are withholding information. We recently briefed this issue in Turnage v. Clarity (2015 WL 5092695), which resulted in an opinion from Judge Young striking the CRA's objections.

Kristi and I are in mediation all day tomorrow, but I am happy to jump on a call at some point if you would like to discuss the objections further. Our position is consistent with our position in Turnage. I don't believe David had noticed his appearance when the briefing occurred, but I can send along the authority we cited if you don't have the brief.

Thank you,
Andrew

---

**From:** Mihalko, Meagan Anne [Meagan.Mihalko@troutmansanders.com]
**Sent:** Tuesday, February 23, 2016 5:45 PM
**To:** Andrew Guzzo; Kristi Cahoon Kelly
**Cc:** Anthony, David N.
**Subject:** RE: Taylor ads. SafeRent - Discovery Meet and Confer Follow Up

Andrew,

I can provide a supplemental response to the RFPs if that would help answer your questions below. I also realized I need to provide the Bennett Park Contract, which I will do tomorrow.

Document Nos. 42-48 are the plain language matching policies, so other than that item, I believe your list is accurate with respect to where we are on (2) 1681g procedures; (3) net worth and (4) past lawsuits.

I do not recall any specific discussion about withdrawing specific objections, so if you would like to propose a list of which objections you are seeking to have withdrawn, that may save some time with respect to the Motion to Compel.

Thanks,
Meagan

---

**From:** Andrew Guzzo [mailto:aguzzo@kellyandcrandall.com]
**Sent:** Tuesday, February 23, 2016 12:24 PM
**To:** Mihalko, Meagan Anne; Kristi Cahoon Kelly
**Cc:** Anthony, David N.
**Subject:** RE: Taylor ads. SafeRent - Discovery Meet and Confer Follow Up

Meagan,

We received your supplemental document production. I know you have been traveling, but do you intend to provide a supplemental pleading? It seems like documents 42-48 are the plain language policies for compliance with 1681e(b). Can you confirm? Can you also confirm that this matching algorithm in effect at the time SR furnished Mr. Taylor's report? We are in the process of drafting the motion to compel and we just want to make sure we understand exactly what this supplement covers.

Also, I assume this means we remain at an impasse regarding the other issues discussed during the meet and confer? As it stands, we are moving to compel: (1) discovery related to 1681e(b) procedures and changes (to the extent not covered by the above); (2) discovery related to 1681g procedures and changes; (3) net worth; (4) past lawsuits; and (5) striking objections to certain discovery requests.

Please let us know,
Andrew

---

**From:** Mihalko, Meagan Anne [Meagan.Mihalko@troutmansanders.com]
**Sent:** Thursday, February 18, 2016 8:31 AM
**To:** Kristi Cahoon Kelly
**Cc:** Andrew Guzzo; Anthony, David N.
**Subject:** RE: Taylor ads. SafeRent - Discovery Meet and Confer Follow Up

Kristi,

Thanks for your willingness to work with our schedules, we appreciate it.

Meagan

---

**From:** Kristi Cahoon Kelly [mailto:kkelly@kellyandcrandall.com]
**Sent:** Thursday, February 18, 2016 11:30 AM
**To:** Mihalko, Meagan Anne
**Cc:** Andrew Guzzo; Anthony, David N.
**Subject:** RE: Taylor ads. SafeRent - Discovery Meet and Confer Follow Up

Meagan,

Thanks for the response. We will hold off on the motion until the 4th to work with your schedules.

Thanks,
Kristi

---

**From:** Mihalko, Meagan Anne [mailto:Meagan.Mihalko@troutmansanders.com]
**Sent:** Thursday, February 18, 2016 11:13 AM
**To:** Kristi Cahoon Kelly <kkelly@kellyandcrandall.com>
**Cc:** Andrew Guzzo <aguzzo@kellyandcrandall.com>; Anthony, David N. <David.Anthony@troutmansanders.com>
**Subject:** RE: Taylor ads. SafeRent - Discovery Meet and Confer Follow Up

Kristi,

Thanks for checking in. I have been travelling this week in Wisconsin for work, so I apologize for the delay.

We understand your position on the policy document and the net worth stipulation, but we continue to disagree.

I have again checked in on the Plaintiff database files to expedite the process. I expect to have those to you within the next few days.

I have also again checked in on whether we have any "plain language" matching logic document that can be produced. I will keep on this, and I will provide a final response shortly as well. So far, however, it is as we have represented in the INTs.

Finally, to the extent that you will be moving to compel, I would ask one of two things. Neither Tim nor I can attend a hearing in Alexandria next Friday, but we would be available the Friday after. So, can you please wait to file your motion to compel until a week from Friday or alternatively notice the hearing for March 4? (I suspect you may prefer the former option.) I wanted to provide you with a head's up as to our schedule to avoid having to go back to the Court if a hearing date was unilaterally noticed in connection with the notice. I appreciate your working with us on scheduling.

Thanks,
Meagan

**Meagan A. Mihalko** | Associate | Troutman Sanders LLP
1001 Haxall Point, Richmond, Virginia 23219
Direct: 804.697.1281 | Facsimile: 804.697.1339
meagan.mihalko@troutmansanders.com | www.troutmansanders.com

**From:** Kristi Cahoon Kelly [mailto:kkelly@kellyandcrandall.com]
**Sent:** Wednesday, February 17, 2016 2:12 PM
**To:** Mihalko, Meagan Anne
**Cc:** Andrew Guzzo; Anthony, David N.
**Subject:** RE: Taylor ads. SafeRent - Discovery Meet and Confer Follow Up

Meagan,

I wanted to follow up on this. We haven't received the database files yet. When do you expect we will receive these?

We disagree about the net worth and policies and procedures. We are going to move to compel both things. We are entitled to net worth now and I am still willing to entertain a stipulation. Additionally, we need the policies and procedures for 1681g and any plain language statement about 1681eb. There has to be something somewhere where the code was adapted from.

Thanks,
Kristi

**From:** Mihalko, Meagan Anne [mailto:Meagan.Mihalko@troutmansanders.com]
**Sent:** Tuesday, February 09, 2016 12:44 PM
**To:** Kristi Cahoon Kelly <kkelly@kellyandcrandall.com>
**Cc:** Andrew Guzzo <aguzzo@kellyandcrandall.com>; Anthony, David N. <David.Anthony@troutmansanders.com>
**Subject:** Taylor ads. SafeRent - Discovery Meet and Confer Follow Up

Kristi,

We have further conferred with our client regarding the items raised in the meet and confer session and that you asked we follow up on.  Here are our positions:

1.    We will not agree to produce a net worth stipulation prior to a finding of willfulness.

2.    We will not agree to produce the policy and procedure manual for file disclosure requests.  As we mentioned, it does not address the "source" issue raised in this case, which we also believe to be misinformed factually.

3.    We will agree to produce the "database files" that reflect the information received from the Michigan and Ohio Department of Corrections at issue in this case.

Please let me know if you have any questions.

Thanks,
Meagan

**Meagan A. Mihalko** | Associate | Troutman Sanders LLP
1001 Haxall Point, Richmond, Virginia 23219
Direct: 804.697.1281 | Facsimile: 804.697.1339
meagan.mihalko@troutmansanders.com | www.troutmansanders.com

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.