**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **BRIAN TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action 1:15-cv-1405-TSE-JFA** |
| | ) | |
| **CORELOGIC SAFERENT, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL

Defendant, CoreLogic SafeRent, LLC ("SafeRent"), by counsel, and pursuant to Rule 5 of the Local Rules of the United States District Court for the Eastern District of Virginia, states as follows for its memorandum in support of Plaintiff's Motion to File Under Seal (Dkt. No. 20).

### INTRODUCTION

Plaintiff attached as "Exhibit 3" to his reply memorandum in support of his Motion to Compel a document that describes: (1) SafeRent's "matching" process; (2) prior changes to that matching process that were made in 2014; and (3) a statistical audit of the number of records returned by SafeRent before and after the implementation of those changes to its matching process. That is the sole document sought to be sealed. That document is highly proprietary to SafeRent and it is non-public. For the reasons set forth below, the Motion to Seal should be granted.

### ARGUMENT

A "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re The Knight Publishing Co.,* 743 F.2d 231, 235 (4th Cir. 1984). The Fourth Circuit has established steps that a district court must take before a case, or documents within a case, may be filed under

seal.  *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).  In *Ashcraft,* the Fourth Circuit set forth the prerequisites for an order sealing documents, holding that parties must: (1) provide notice to the public and gives the public an opportunity to object to the sealing; (2) consider less drastic alternatives; and (3) provide specific findings in support of the decision to seal and the rejection of alternatives.  *Id.*  All of these prerequisites are satisfied here.

## I.       Public notice has been provided.

In connection with the filing of the Motion to Seal, Plaintiff filed a notice of the Motion, which provides the public with an opportunity to bring objections, if any, to sealing the document that is the subject of this Motion.  That is sufficient to docket the notice "reasonably in advance of deciding the issue."  *In re The Knight Publishing Co.*, 743 F.2d at 235.

## II.      Due to Plaintiff's attachment of the document as an exhibit to their reply memorandum in support of the Motion to Compel, no less drastic alternatives to sealing are possible.

The document SafeRent seeks to place under seal is the same information that Plaintiff previously attached as Exhibit 3 to his reply memorandum in support of the Motion to Compel. Thus, no procedure other than filing under seal will be sufficient to preserve the confidential and proprietary nature of the document.

## III.     The lack of public interest in these privately-generated documents, when coupled with the harm to SafeRent in public disclosure, warrants placing such documents under seal.

The document sought to be sealed by this Motion contain information that is currently protected from disclosure by the Court's Protective Order.  This confidential and proprietary information has not been made public.  Indeed, the general public would have little interest in the information because it was generated by, and relates to, the internal activities of private entities and individuals.  *See, e.g., Crum & Crum Enters. v. NDC of Cal.,* 2011 U.S. Dist. LEXIS 24690,

at *12 (D. Del. Mar. 11, 2011) (finding no persuasive public interest in the information, as "the case involves litigation between a private company and a private citizen.").

### IV.     The document at issue should be placed under seal.

The document at issue, which has previously been provided to the Court under seal, sets forth in complete detail the process used by SafeRent to match public records from its database to the identifying information that is provided by a leasing agent about an applicant.   That document also sets forth the changes that were made to that matching process in October 2014, as well as the statistical impact of those changes on the number of records returned by SafeRent to its customers.  As detailed below, that information is highly confidential and proprietary.

Courts have held that documents reflecting confidential and proprietary information of a private business, including the specific types of information at issue here, can properly be placed under seal.  *See, e.g.*, *Muri v. Killeen*, 2004 U.S. Dist. LEXIS 9080, at *11 (W.D. Va. May 18, 2004) ("It appearing to the court that the exhibits contain engineering data, client names, and other potentially confidential and proprietary information, the court grants the motion [to place such documents under seal]."); *Walker Systems, Inc. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W.Va. 1999) (stating where "information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted"); *accord Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073-74 (3d Cir. 1984); *Zenith Radio Corp. v. Matsushita Electric Indus. Co.*, 529 F. Supp. 866, 889-90, n.42 (E.D. Pa. 1981).

Indeed, consistent with this authority, another court within the United States District Court for the Eastern District of Virginia recently placed under seal similar information relating to SafeRent's proprietary "policies and procedures regarding its data quality control and data intake processes."  *See* **Exhibit 1**.

That conclusion should obtain here with respect to the lone document at issue. SafeRent has developed a proprietary algorithm to match public record data with information provided by its customers. *See* **Exhibit 2**, Declaration of Jason Doyle, at ¶ 5.[1] SafeRent has invested a great deal of time and resources into maintaining and refining that proprietary algorithm. *Id.* That algorithm, and SafeRent's analysis thereof and refinements thereto, provides SafeRent with a competitive advantage in the marketplace over its competitors. *Id.* Public disclosure of information about how SafeRent's algorithm works and/or the enhancements SafeRent has made to it would provide SafeRent's competitors with valuable insight into the manner in which SafeRent prepares the data it returns to its customers, and it would allow such competitors to institute a competing system without incurring any of the costs borne by SafeRent in developing and analyzing that process. *Id.*

Even more, SafeRent's status as a participant in the consumer data industry, which is highly-attuned to market research and intelligence, heightens the concern that its competitors will likely gain access to any publicly-disclosed proprietary information and will then use such information to gain a competitive advantage in the marketplace. Ex. 2 at ¶ 6; *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 530 (N.D. Cal. 2000) ("The risk of potential injury is increased here because . . . Intel is already the dominant player in this highly competitive market.").

For these reasons, SafeRent keeps its policies and procedures regarding its matching process – and any analysis of that matching process – strictly confidential in order to ensure that such information is not disclosed to third parties, including its competitors. Ex. 2 at ¶ 7. It is SafeRent's general policy to keep the information in the relevant document confidential, and when such information or documentation is requested in litigation such as here, SafeRent either objects to its production on the basis of its proprietary content or seeks the entry of an

---

[1] Due to technological issues at the time of filing, the Declaration has been electronically signed. A original signature from Mr. Doyle can be obtained upon request.

appropriate protective order prior to production.   *Id.*   SafeRent executes non-disclosure agreements with any party with whom it shares its proprietary information.  Ex. 2 at ¶ 8.  To that end, SafeRent would not share the document in question with any third party absent a non-disclosure and confidentiality agreement.  *Id.*

Based on this evidence, good cause exists to place the document at issue under seal, and Plaintiff's Motion to Seal should be granted.

<u>CONCLUSION</u>

WHEREFORE, Defendant, CoreLogic SafeRent, LLC, respectfully requests that the Court: (1) grant the Motion to Seal; and (2) grant SafeRent any such further relief that the Court deems proper.

**CORELOGIC SAFERENT, LLC**

By:/s/_____
David N. Anthony
Virginia State Bar No. 31696
Meagan A. Mihalko
Virginia State Bar No. 80703
Timothy J. St. George
Virginia State Bar No. 77349
*Attorneys for Defendant CoreLogic SafeRent, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
P.O. Box 1122
Richmond, VA  23218
Telephone: (804) 697-1200
Facsimile: (804) 698-5118
E-mail: david.anthony@troutmansanders.com
E-mail: meagan.mihalko@troutmansanders.com
Email: tim.stgeorge@troutmansanders.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been filed with the Court's Electronic Case Filing system on his 10th day of March, 2016, which will send a notice of electronic filing to the following counsel of record:

> Kristi C. Kelly
> Andrew J. Guzzo
> KELLY & CRANDALL PLC
> 4084 University Drive, Suite 202A
> Fairfax, VA 22030
> Telephone: 703-424-7570
> Facsimile: 703-591-0167
> Email: kkelly@kellyandcrandall.com
> Email: aguzzo@kellyandcrandall.com
>
> *Counsel for Plaintiff*

> /s/
> _____
> Timothy J. St. George
> Virginia State Bar No. 77349
> *Attorneys for CoreLogic SafeRent, LLC*
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> Richmond, VA  23219
> Telephone: 804-697-1281
> Facsimile: 804-697-1339
> Email: tim.stgeorge@troutmansanders.com