**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **BRIAN TAYLOR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 1:15-cv-1405-TSE-JFA |
| | ) | |
| **CORELOGIC SAFERENT, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CORELOGIC SAFERENT, LLC'S RESPONSES TO
PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 26 and 34 and Local Civil Rule 26(C), Defendant, CoreLogic SafeRent, LLC ("SafeRent"), responds to Plaintiff's Second Set of Requests for Production of Documents ("Document Requests") as follows:

**OBJECTIONS AND RESPONSES**

**DOCUMENT REQUEST 1:** Produce any consumer disputes since October 1, 2014, where the consumer contends that you inaccurately assigned a criminal public record to them.

**RESPONSE:** SafeRent objects to this Request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence because any such communications from consumers would be hearsay and are not relevant to the reasonableness of the procedures that were actually utilized by SafeRent in February 2014. SafeRent objects to the Request as overly broad and not likely to lead to the discovery of admissible evidence on the basis that it seeks information beyond the timeframe of Plaintiff's February 2015 report. SafeRent also objects to this Request to the extent it seeks information that is not relevant to the claims or defenses asserted in this suit, including because Plaintiff has not set forth any "dispute"

claim. SafeRent also objects to this Request on the basis that it implicates private information of third-party consumers. SafeRent objects to this Request as unduly burdensome and in violation of the "proportionality" requirements of Fed. R. Civ. P. 26.

SafeRent also objects to this Request because it seeks information that was previously demanded by Plaintiff in connection with his Motion to Compel but that was denied. Specifically, Plaintiff requested in Interrogatory No, 6 and in related Requests for Production that SafeRent be ordered to produce any information regarding "compliance" with § 1681e(b) from July 1, 2012 through the present. At the hearing, counsel for Plaintiff further specified that he was seeking "any e-mails, other documents, internal correspondence" relating to "consumer complaints" SafeRent had received. The Court denied the Motion to Compel in that regard, holding that the request was overly broad and unduly burdensome.

Subject to and without waiving its objections, SafeRent has already provided Plaintiff with a list of the lawsuits that have been filed against SafeRent over the course of the last three years under § 1681e(b).

**PLANNED WITHHOLDING: SafeRent is withholding documents responsive to this request based on the objections stated above.**

**DOCUMENT REQUEST 2:** Produce any client complaints since October 1, 2014, concerning complaints false positives relating to criminal public record items.

**RESPONSE:** SafeRent objects to this Request to the extent the term "client complaints" is vague and ambiguous and undefined. SafeRent objects to the Request as overly broad and not likely to lead to the discovery of admissible evidence on the basis that it seeks information beyond the timeframe of Plaintiff's February 2015 report. SafeRent also objects to this Request

2

on the basis that it is not likely to lead to the discovery of admissible evidence because any such communications from customers would be hearsay and are not relevant to the reasonableness of the procedures that were actually utilized by SafeRent in February 2015. SafeRent further states that any specific third party dispute is irrelevant to the claims at issue in this case, as any such dispute would depend on the particular facts of the dispute, including (but not limited to) the varied information made available by government agencies, the role of any particular leasing agent in processing a report, and whether the dispute was valid. SafeRent also objects to this Request as unduly burdensome on the basis that, as literally drafted, it would be required to speak to every employee who has ever spoken with any one of its customers to determine whether any documentation exists in this regard, which is in violation of the "proportionality" requirements of Fed. R. Civ. P. 26. SafeRent also objects to this Request to the extent it seeks information that is not relevant to the claims or defenses asserted in this suit, including because Plaintiff has not set forth any "dispute" claim.

SafeRent objects to this Request on the basis that it seeks information that was previously demanded by Plaintiff in connection with his Motion to Compel but that was denied. Specifically, Plaintiff requested that SafeRent be ordered to produce information and documents regarding any "client feedback" and client "concerns" expressed to SafeRent from July 1, 2012 through the present. At the hearing, counsel for Plaintiff further specified that he was seeking "any e-mails, other documents, internal correspondence" discussing "customer complaints" SafeRent had received. The Court denied the Motion to Compel in that regard, holding that the request was overly broad and unduly burdensome.

Subject to and without waiving its objections, SafeRent directs Plaintiff to Taylor/SafeRent_0000042-48, which notes that SafeRent generally did not receive any requests

from customers seeking further alterations to its proprietary matching algorithm from October 2014 through at least May 20, 2015; an eight month period that includes the months before and after Plaintiff's report was generated in February 2015.

**PLANNED WITHHOLDING:** **SafeRent is withholding documents responsive to this request based on the objections stated above.**

**DOCUMENT REQUEST 3:** Produce any client complaints since October 1, 2014, concerning complaints or problems with your "hit logic rules," matching criteria, or the manner in which you assign information to a consumer report.

**RESPONSE:** SafeRent objects to this Request to the extent the terms "client complaints" and "hit logic rules" are vague and ambiguous and undefined. SafeRent objects to the Request as overly broad and not likely to lead to the discovery of admissible evidence on the basis that it seeks information beyond the timeframe of Plaintiff's February 2015 report. SafeRent also objects to this Request on the basis that it is not likely to lead to the discovery of admissible evidence because any such communications from customers would be hearsay and are not relevant to the reasonableness of the procedures that were actually utilized by SafeRent in February 2014, as well as the fact that the Request is not limited to the types of claims asserted by Plaintiff in this case. SafeRent also objects to this Request as unduly burdensome on the basis that, as literally drafted, it would be required to speak to every employee who has ever spoken with any one of its customers to determine whether any documentation exists in this regard, which is in violation of the "proportionality" requirements of Fed. R. Civ. P. 26. SafeRent also objects to this Request to the extent it seeks information that is not relevant to the claims or defenses asserted in this suit, including because Plaintiff has not set forth any "dispute" claim.

SafeRent also objects to this Request because it seeks information that was previously demanded by Plaintiff in connection with his Motion to Compel but that was denied. Specifically, Plaintiff requested that SafeRent be ordered to produce information and documents regarding any "client feedback" and client "concerns" expressed to SafeRent from July 1, 2012 through the present. At the hearing, counsel for Plaintiff further specified that he was seeking "any e-mails, other documents, internal correspondence" discussing "customer complaints" SafeRent had received. The Court denied the Motion to Compel in that regard, holding that the request was overly broad and unduly burdensome.

Subject to and without waiving its objections, SafeRent directs Plaintiff to Taylor/SafeRent_0000042-48, which notes that SafeRent generally did not receive any requests from customers seeking further alterations to its proprietary matching algorithm from October 2014 through at least May 20, 2015; an eight month period that includes the months before and after Plaintiff's report was generated in February 2015. Thus, SafeRent responds that it has no documents to produce with respect to the relevant period of time in this case.

**DOCUMENT REQUEST 4:** Produce any documents explaining or defining the term "exact match on name" as used in the May 20, 2015 Manual.

**RESPONSE:** SafeRent objects to this Request to the extent that it seeks information outside of the timeframe relevant to this matter. SafeRent further objects to the request to produce "any documents" as overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, SafeRent is not aware of any documents responsive to this Request other than those already produced in this case.

5

**DOCUMENT REQUEST 5:**  Produce any e-mails between your employees since October 1, 2014, concerning or related to problems with your "hit logic rules," matching criteria, or the manner in which you assign information to a consumer report.

**RESPONSE:**  SafeRent objects to this Request to the extent the term "hit logic rules" is vague and ambiguous and undefined.  SafeRent objects to the Request as overly broad and not likely to lead to the discovery of admissible evidence on the basis that it seeks information beyond the timeframe of Plaintiff's February 2015 report.  SafeRent also objects to this Request on the basis that it is not likely to lead to the discovery of admissible evidence, including because SafeRent has not made any changes to its proprietary matching algorithm that relate to the facts of this case since Plaintiff's report was transmitted.  SafeRent further objects to this Request to the extent that it seeks information that constitutes confidential business and proprietary information, including trade secrets.  SafeRent objects to this Request as unduly burdensome and in violation of the "proportionality" requirements of Fed. R. Civ. P. 26.  Indeed, as literally drafted, this Request could implicate any discussion by any SafeRent employee regarding the matching processes utilized by SafeRent.

SafeRent also objects to this Request to the extent it seeks information that was previously demanded by Plaintiff in connection with his Motion to Compel but that was denied.  Specifically, Plaintiff requested the Court order SafeRent to respond to identify "any research, study, report, memo, email or other document you have generated since January 1, 2012" regarding SafeRent's matching processes.  At the hearing, counsel for Plaintiff further specified that he was seeking "any e-mails, other documents, internal correspondence" regarding "any audits of this particular [matching] policy, any research done, any comparison between the old numbers and the new numbers."  The Court denied the Motion to Compel in that regard, holding

6

that it was overly broad and unduly burdensome.

Subject to and without waiving its objections, SafeRent directs Plaintiff to Bates Nos. Taylor/SafeRent_000042-48, which describe the changes that SafeRent made to its matching processes in October 2014, and which provide a statistical analyses of the changes on the number of records returned.  SafeRent further responds that, in March 2016, it made a modification to its process for "date of birth" identifier matching for certain records where the government agency did not provide the day of the birth date.  That change, however, would have had no effect on the records listed on the report transmitted by SafeRent (Bates Nos. Taylor/SafeRent_000009-11) and thus is not relevant to this case.  No other changes have been made to its proprietary matching algorithm since October 1, 2014, and SafeRent thus has no documents to produce reflecting any changes.  SafeRent further responds that it is not aware of any "problems" with its matching rules and is unaware of any documents in that regard.

**DOCUMENT REQUEST 6:**  Produce any studies, audits or research since October 1, 2014, concerning or related to problems with your "hit logic rules," matching criteria, or the manner in which you assign information to a consumer report.

**RESPONSE:**   SafeRent objects to this Request to the extent the terms "studies," "audits," "research," and "hit logic rules" are vague and ambiguous and undefined.  SafeRent objects to the Request as overly broad and not likely to lead to the discovery of admissible evidence on the basis that it seeks information beyond the timeframe of Plaintiff's February 2015 report.  SafeRent also objects to this Request on the basis that it is not likely to lead to the discovery of admissible evidence, including because SafeRent has not made any changes to its proprietary matching algorithm that relate to the facts of this case since Plaintiff's report was

7

transmitted. SafeRent further objects to this Request to the extent that it seeks information that constitutes confidential business and proprietary information, including trade secrets. SafeRent objects to this Request to the extent that it seeks information protected by the attorney client or work product privilege.

SafeRent also objects to this Request because it seeks information that was previously demanded by Plaintiff in connection with his Motion to Compel but that was denied. Specifically, Plaintiff requested the Court order SafeRent to respond to identify "any research, study, report, memo, email or other document you have generated since January 1, 2012" regarding SafeRent's matching processes. At the hearing, counsel for Plaintiff further specified that he was seeking "any audits of this particular policy, any research done, any comparison between the old numbers and the new numbers." The Court denied the Motion to Compel as overly broad and unduly burdensome.

Subject to and without waiving its objections, SafeRent directs Plaintiff to Bates Nos. Taylor/SafeRent_000042-48, which describe the changes that SafeRent made to its matching processes in October 2014, and which provide a statistical analyses of the changes on the number of records returned. SafeRent further responds that, in March 2016, it made a modification to its process for "date of birth" identifier matching for certain records where the government agency did not provide the day of the birth date. That change, however, would have had no effect on the records listed on the report transmitted by SafeRent (Bates Nos. Taylor/SafeRent_000009-11) and thus is not relevant to this case. That change, however, would have had no effect on the records listed on Plaintiff's report and thus is not relevant to this case. No other changes have been made to its proprietary matching algorithm since October 1, 2014, and SafeRent thus has no documents to produce reflecting any changes. SafeRent further responds that it is not aware of

any "problems" with its matching rules and is unaware of any documents in that regard.

**PLANNED WITHHOLDING: SafeRent is withholding documents responsive to this request based on the objections stated above.**

**DOCUMENT REQUEST 7:** Produce any documents showing the number of false positives that have occurred since October 1, 2014.

**RESPONSE:** SafeRent objects to this Request to the extent the term "false positives" is vague and ambiguous and undefined. SafeRent objects to the Request as overly broad and not likely to lead to the discovery of admissible evidence on the basis that it seeks information beyond the timeframe of Plaintiff's February 2015 report. SafeRent further objects to this Request to the extent that it seeks information that constitutes confidential business and proprietary information, including trade secrets.

SafeRent also objects to this Request because it seeks information that was previously demanded by Plaintiff in connection with his Motion to Compel but that was denied. Specifically, Plaintiff requested the Court order SafeRent to respond to identify "any research, study, report, memo, email or other document you have generated since January 1, 2012" regarding SafeRent's matching processes. At the hearing, counsel for Plaintiff further specified that he was seeking "any research done, any comparison between the old numbers and the new numbers." The Court denied the Motion to Compel as overly broad and unduly burdensome.

Subject to and without waiving its objections, SafeRent responds that it is unaware of any documents responsive to this Request.

**DOCUMENT REQUEST 8:** Produce copies of any contracts or agreements between

9

you and the Michigan Department of Corrections.

**RESPONSE:** SafeRent objects to this Request as not likely to lead to the discovery of admissible evidence, as the terms of any contract between SafeRent and a governmental agency have no bearing on any claim in dispute. SafeRent objects to this Request on the basis that it is overly broad, including because it is not limited in time.

Subject to and without waiving its objection, SafeRent does not have any documents responsive to this Request.

**DOCUMENT REQUEST 9:** Produce copies of any contracts or agreements between you and the Ohio Department of Corrections.

**RESPONSE:** SafeRent objects to this Request as not likely to lead to the discovery of admissible evidence, as the terms of any contract between SafeRent and a governmental agency have no bearing on any claim in dispute. SafeRent objects to this Request on the basis that it is overly broad, including because it is not limited in time.

Subject to and without waiving its objection, SafeRent does not have any documents responsive to this Request.

**DOCUMENT REQUEST 10:** Produce copies of any contracts or agreements between you and the source of the information for Item 005.

**RESPONSE:** SafeRent objects to this Request as not likely to lead to the discovery of admissible evidence, as the terms of any contract between SafeRent and a governmental agency have no bearing on any claim in dispute. SafeRent objects to this Request as overly broad, including because it is not limited in time.

Subject to and without waiving its objection, SafeRent does not have any documents responsive to this Request.

**DOCUMENT REQUEST 11:** Produce any manuals, documents, audits or studies related or concerning the second phase of your project to implement new matching procedures.

**RESPONSE:** SafeRent objects to this Request to the extent the term "second phase of your project to implement new matching procedures" is vague and ambiguous and undefined. SafeRent objects to this Request to the extent the term "hit logic rules" is vague and ambiguous and undefined. SafeRent objects to this Request to the extent it seeks information beyond the permissible scope of discovery and is overly broad, including in time. SafeRent also objects to this Request on the basis that it is not likely to lead to the discovery of admissible evidence, including because SafeRent has not made any changes to its proprietary matching algorithm that relate to the facts of this case since Plaintiff's report was transmitted. SafeRent further objects to this Request to the extent that it seeks information that constitutes confidential business and proprietary information, including trade secrets. SafeRent objects to this Request to the extent that it seeks information protected by the attorney client or work product privilege.

SafeRent also objects to this Request because it seeks information that was previously demanded by Plaintiff in connection with his Motion to Compel but that was denied. Specifically, Plaintiff requested the Court order SafeRent to respond to identify "any research, study, report, memo, email or other document you have generated since January 1, 2012" regarding its matching processes. At the hearing, counsel for Plaintiff further specified that he was seeking "any audits of this particular policy, any research done, any comparison between the old numbers and the new numbers." The Court denied the Motion to Compel in that regard,

11

holding that it was overly broad and unduly burdensome.

Subject to and without waiving its objections, SafeRent directs Plaintiff to Bates Nos. Taylor/SafeRent_000042-48, which describe the changes that SafeRent made to its matching processes in October 2014, and which provide a statistical analyses of the changes on the number of records returned. SafeRent further responds that, in March 2016, it made a modification to its process for "date of birth" identifier matching for certain records where the government agency did not provide the day of the birth date. That change, however, would have had no effect on the records listed on the report transmitted by SafeRent (Bates Nos. Taylor/SafeRent_000009-11) and thus is not relevant to this case. That change, however, would have had no effect on the records listed on Plaintiff's report and thus is not relevant to this case. No other changes have been made to its proprietary matching algorithm since October 1, 2014, and SafeRent thus has no documents to produce reflecting any changes.

**PLANNED WITHHOLDING: SafeRent is withholding documents responsive to this request based on the objections stated above.**

**DOCUMENT REQUEST 12:** Any reports to administrative agencies, regulatory agencies, shareholders or corporate officers since October 1, 2014, relating to problems with or assessment of your data matching procedures.

**RESPONSE:** SafeRent objects to this Request to the extent the terms "reports," "problems," and "assessment" are vague and ambiguous and undefined. SafeRent objects to the Request as overly broad and not likely to lead to the discovery of admissible evidence on the basis that it seeks information beyond the timeframe of Plaintiff's February 2015 report. SafeRent objects to this Request to the extent it seeks information or communications protected

by the attorney-client privilege, the work product doctrine or any other applicable privilege.

Subject to and without waiving its objections, SafeRent is generally unaware of any documents that are responsive to this Request.

**DOCUMENT REQUEST 13:** Produce any manuals, guides or instructions you have provided to any of your customers since October 1, 2014, explaining or describing your matching procedures.

**RESPONSE:** SafeRent objects to this Request as not likely to lead to the discovery of admissible evidence, as the terms of any "guides" or like documents provided by SafeRent to its customers have no bearing on any claim in dispute. SafeRent objects to the Request as overly broad and not likely to lead to the discovery of admissible evidence on the basis that it seeks information beyond the timeframe of Plaintiff's February 2015 report.

Subject to and without waiving its objections, SafeRent is unaware of any documents responsive to this Request.

**DOCUMENT REQUEST 14:** Produce any manuals, guides, instructions or other documents you have provided to any of your customers since October 1, 2014, explaining how to avoid false positives.

**RESPONSE:** SafeRent objects to this Request as not likely to lead to the discovery of admissible evidence, as the terms of any "guides" or like documents provided by SafeRent to its customers have no bearing on any claim in dispute. SafeRent objects to the Request as overly broad and not likely to lead to the discovery of admissible evidence on the basis that it seeks information beyond the timeframe of Plaintiff's February 2015 report.

Subject to and without waiving its objections, SafeRent directs Plaintiff to the instructions and statements to its customers, as set forth at the end of the MultiState Criminal Search Report (Bates Nos. Taylor/SafeRent_000011-12.) Otherwise, SafeRent is unaware of any documents responsive to this Request.

**DOCUMENT REQUEST 15:** All documents relating to or which you contend support any affirmative defense raised by you in this case.

**RESPONSE:** SafeRent objects to this Request to the extent it seeks information protected by the attorney-client privilege. SafeRent also responds that its investigation into this matter is ongoing. Therefore, SafeRent reserves its right to supplement this response.

Subject to and without waiving its objections, SafeRent directs Plaintiff to the documents that have been produced to date, as well as those that will be produced in this action.

**CORELOGIC SAFERENT, LLC**

By:/s/
David N. Anthony, Bar No. 31696
Timothy St. George, Bar No. 77349
Meagan Anne Mihalko, Bar No. 80703
TROUTMAN SANDERS LLP
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122 (23218-1122)
Richmond, VA 23219
Telephone: 804.697.1200
Facsimile: 804.697.1339

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served via electronic mail upon the following counsel of record, this 13th day of April, 2016:

>Kristi C. Kelly
>Andrew J. Guzzo
>KELLY & CRANDALL PLC
>4084 University Drive, Suite 202A
>Fairfax, VA 22030
>Telephone: 703-424-7570
>Facsimile: 703-591-0167
>Email: kkelly@kellyandcrandall.com
>Email: aguzzo@kellyandcrandall.com
>
>*Counsel for Plaintiff*

/s/ _____

28175579v1