```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               EASTERN DISTRICT OF VIRGINIA
                     Alexandria Division

BRIAN TAYLOR,                              )
                                           )
                          Plaintiff,       )
                                           )
v.                                         ) CIVIL ACTION
                                           )
CORELOGIC SAFERENT, LLC,                   ) 1:15-cv-1405
                                           )
                          Defendant.       )
                                           )

          REPORTER'S TRANSCRIPT FROM AUDIO-RECORDING

                       MOTIONS HEARING

                   Friday, March 4, 2016

                            ---

BEFORE:       THE HONORABLE JOHN F. ANDERSON,
              Magistrate Judge Presiding

APPEARANCES:  ANDREW JOSEPH GUZZO, ESQ.
              Kelly & Crandall PLC
              4084 University Drive
              Suite 202A
              Fairfax, VA 22030

                  For the Plaintiff

              TIMOTHY JAMES ST. GEORGE, ESQ.
              KRISTI KELLY, ESQ.
              Troutman Sanders LLP
              Troutman Sanders Bldg.
              1001 Haxall Point
              PO Box 1122
              Richmond, VA 23218

                  For the Defendant

                            ---

           MICHAEL A. RODRIQUEZ, RPR/CM/RMR
                Official Court Reporter
          USDC, Eastern District of Virginia
                  Alexandria Division
```

worth stipulation that would really be appropriate would be that time period.  If not, then the court could use the present net worth.

THE COURT:  Yes.  I mean, the only reason I was doing that was because I would expect that your client's financial records are not kept such that it would be easy for them to make a determination of a date in the middle of February that the end of the year, or end of a quarter, or something like that, it is probably more financial information available and whether it would be 2014 or 2015.  I don't know what's my --

ATTORNEY ST. GEORGE:  And my other thought would the be that in ruling in that manner and requiring the production of any underlying documents and the like, the Court would actually be going farther in the parties' meet and confer sessions which was a stipulation.

THE COURT:  Right.  Well, you know, the parties had a chance to work it out.  They didn't do it.  And, you know, am looking at the discovery requests that were here.  You certainly had an opportunity to agree to a stipulation.  You didn't do it.  You brought the issue in front of the court, and the court now decides what it is it's going to do on the pending interrogatories, and the pending requests for production of documents.

>           You know, a stipulation doesn't mean you just tell them, and they agree to it. You provide them with information. They have to degree to that stipulation.
>
>           I think it's important enough that you provide them with a number that you say is -- this is how we -- this is what we have calculated to be our net worth, and you provide them with the documents sufficient to show how that number was calculated, not all documents, not, you know, all that kind of stuff. But you got to -- you can't just give them a number. You are going to have to give them a number and give them some documents that shows how that number was calculated.
>
>           ATTORNEY ST. GEORGE:  Okay.
>
>           THE COURT:  Okay?  So, I mean, would you need 2014 and 2015?  Or is 2015 -- the end of 2015 probably sufficient?
>
>           ATTORNEY GUZZO:  2015 would be fine, your Honor.
>
>           THE COURT:  All right.
>
>           I'll go ahead and order it for just documents -- the net worth as of the end of 2015, with documents that are sufficient to show how that net worth was calculated.

that were made in October 2014, and the process that was in place in February of 2015.

        ATTORNEY GUZZO:  Correct.

        Yes, your Honor.

        I mean, the one thing I would add to that is these procedures are the crown jewels of the credit reporting agencies.  I would be surprised, just based on my experience in this field, that a six-page document is -- is really the only policy or procedure that they have.  But if that's it, that's it.  And we're -- we're happy with that.  We just would like to sure up the response that this is the only matching criteria that has been used.

        THE COURT:  All right.

        Well, Mr. St. George, you know, again, this is an issue in which, obviously, that type information is relevant.

        ATTORNEY ST. GEORGE:  Yes, your Honor.

        THE COURT:  You know, I am going to do, for the most part, what I did for the other one, and that is, you know, I am going to require you to look for, produce, without any objections, as to any documents that describe or relate to or, you know, manuals, whatever, that describe the procedures that existed in 2015.  You know, if there aren't any others, there

MICHAEL A. RODRIQUEZ, RPR/CM/RMR

we believe could have been easily avoided by adding, you know, some filters and that SafeRent knew this and had prior problems with it but did nothing to change it.

ATTORNEY ST. GEORGE:  Judge, I feel like the court has largely already addressed this issue.  The policy manual that was produced in Version 2 describes wholly the process that was used.  It also describes the process -- the changes that were made in response to the customer feedback before the plaintiff's report was generated in February 2014.  So those changes took place in October 2014.

There have than been no change to matching algorithm.

THE COURT:  But had there been any research, studies, reports that discusses the new policy?  And when I say, "The new policy," the policy that went into effect in October 2014.

So, you know, and I understand that the problems that you may have had before October of 2014, probably aren't really significant in this case because we have to deal with the policies that were in place in February of 2015.

So am -- I want focus on once you implemented these new policies apparently in or about October of 2014.  Are there any document that would be,

or any information that you should identify in response to interrogatory number six, as to research, studies, reports, memos, e-mails that discusses or references, you know, the compliance with the new policies?

ATTORNEY ST. GEORGE:  Well, I mean, Judge, we've, obviously, taken the position that what matters is what happened at the time of the report.

You know, I -- frankly, I don't know if there is some memo analyzing the new process.  All I can tell you is there has been no changes to that process at that the time period that it was introduced.

The matching process has been fully and completely described in that policy manual.  It even contains specific audit of the difference that the changes made to the number of records that were being returned.

You know, we think that we provided a full response to this interrogatory with respect to the time period in dispute.

THE COURT:  They have a bunch of complaints back, you know, three years ago or back in 2012 and 2013.  They changed their policy in 2014.

Why did those complaints have any bearing?

ATTORNEY GUZZO:  I believe these complaints -- we went into this to 2012.  But I believe

MICHAEL A. RODRIQUEZ, RPR/CM/RMR