UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRIAN TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action 1:15-cv-1405-TSE-JFA |
| CORELOGIC SAFERENT, LLC, | ) ) ) |
| Defendant. | ) |

### NOTICE OF DEPOSITION

TAKE NOTICE that on the 20th day of April, 2016 at 10:00 a.m., and continuing until completed, at the offices of *Troutman Sanders, LLP,* 1850 Towers Crescent Plaza, Suite 500, Tysons Corner, VA 22182, or at such other time and place that the parties may agree, the Plaintiff, through his attorney, before a duly authorized Notary Public and videographer will proceed to take the in-person or videoconference and telephonic the deposition of Defendant Corelogic SafeRent, LLC. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff identifies the following topics on which examination will take place:

1. The allegations and facts discussed in Plaintiff's complaint filed in this lawsuit;

2. SafeRent's discovery responses, answers, pleadings, and defenses alleged in this lawsuit;

3. SafeRent's policies and procedures for compliance with 15 U.S.C. § 1681e(b);

4. All studies or other evaluations SafeRent has performed since October 2014 regarding its matching algorithm or false positives;

5. All facts and reasons why no changes were made to the matching algorithm after SafeRent's study and research;

EXHIBIT A

6. All facts about agreements you have with your sources of information that appeared in Plaitniff's consumer disclosure;

7. All facts about how you acquire, assemble, source, format and integrate public criminal record information in your database;

8. Your understanding or research regarding the likelihood that a false positive appears on a consumer report;

9. Any client or consumer complaints you have received since October 2014 regarding your matching algorithm, false positives or the manner in which you assign information to a consumer report;

10. The number of consumer disputes received by you since October 2014 contending that public record information you assigned to them was inaccurate;

11. The number of consumer disputes received by you since October 2014 contending that public record information was double reporting;

12. Any communications you have had about double reporting of public record information in consumer reports;

13. All facts and reasons why Plaintiff's credit report included a non-exact name match, i.e., Bryan Taylor;

14. All facts and reason why Plaintiff's credit report included the second driving under the influence charge from Stafford County, including the reasons why you attributed this information to Plaintiff even though the date of birth and social security numbers did not match;

15. Whether you believe that any of the public records attributed to Plaintiff were inaccurate;

16. Whether SafeRent admits that its matching algorithm worked as intended as to the consumer report SafeRent generated regarding Plaintiff;

17. All facts or reasons why you do not use an exact name match, and any studies or research performed by you regarding the benefits or problems of allowing name variations;

18. All efforts of SafeRent to identify documents responsive to Plaintiff's First and Second Set of Document Requests, including the names of employees, executives or officers who were contacted and any ESI search terms used by SafeRent to gather documents;

19. Everything SafeRent did to comply with Plaintiff's discovery requests in this matter;

20. SafeRent's policies and procedures for compliance with 15 U.S.C. §§ 1681g(a)(1) and 1681g(a)(2);

21. The person who was responsible for the creation and implementation of SafeRent's policy of identifying the jurisdictions as the source of the information;

22. All facts and reasons why Plaintiff's consumer disclosure referenced and identified CrimCheck America;

23. Your relationship with Crimcheck America, including when you stopped using Crimcheck America;

24. The identity of the entity or government agency that furnished you the public record information appearing in Plaintiff's consumer disclosure for Items 001-006;

25. The specific information contained in your databases for identifying the entity or government agency that furnished you the public record information appearing in Plaintiff's consumer disclosure for Items 001-006;

26. The knowledge of all witnesses disclosed by SafeRent pursuant to Rule 26(a)(1);

27. SafeRent's net worth calculation, including the date that the net worth was calculated and the underlying records used by SafeRent to calculate the net worth;

28. The identity of all employees, officers or representatives of SafeRent who drafted or participated in the creation of the May 2015 Manuals;

29. Any changes to SafeRent's policy or procedure for compliance with § 1681g as a result of this case;

30. The meaning of the codes in the raw data spreadsheet provided by you, including the precise meaning of the "External Key Identifiers," "Internal Record Key," "Internal Record Source Code," "External Record Source Code," and "User Stamp" codes.

          Respectfully submitted,

          **BRIAN TAYLOR**

          By: _/s/ Kristi C. Kelly_
               *Counsel*

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7572 - Telephone
(703) 591-0167 - Facsimile
E-mail: kkelly@kellyandcrandall.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2016, a true and correct copy of the foregoing was forwarded by electronic mail to the following counsel of record:

>Ronald Raether
>David N. Anthony
>Meagan A. Mihalko
>Timothy St. George
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>P.O. Box 1122
>Richmond, VA  23218
>Email: ronald.raether@troutmansanders.com
>E-mail: david.anthony@troutmansanders.com
>E-mail: meagan.mihalko@troutmansanders.com
>E-mail: timothy.st.george@troutmansanders.com
>*Attorneys for Defendant CoreLogic SafeRent, LLC*

>　　　/s/ Kristi C. Kelly
>　　　　　*Counsel*