**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **BRIAN TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action 1:15-cv-1405-TSE-JFA** |
| | ) | |
| **CORELOGIC SAFERENT, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT CORELOGIC SAFERENT, LLC'S**
**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant CoreLogic SafeRent, LLC ("SafeRent"), through its counsel, submits the following Answer to Plaintiff's Amended Complaint. SafeRent denies all allegations in the Amended Complaint that it does not expressly admit in this Answer. SafeRent further denies that it willfully or negligently violated any law, either individually, or collectively with any other individual or entity. SafeRent responds to the specific allegations in the enumerated paragraphs in the Amended Complaint as follows:

## INTRODUCTION

1. SafeRent admits that Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* SafeRent denies the remaining allegations of paragraph 1 of the Amended Complaint.

2. SafeRent admits that under certain circumstances it transmits public record information to landlords regarding prospective tenants. The remaining allegations in paragraph 2 state legal conclusions that are not subject to denial or admission. To the extent a response is necessary, SafeRent denies the remaining allegations of paragraph 2 of the Amended Complaint.

3. The allegations in paragraph 3 of the Amended Complaint refer principally to a document, which speaks for itself. SafeRent denies any allegations that are inconsistent with the

document. The allegations referring to the procedures used by SafeRent are denied. SafeRent lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Amended Complaint and, therefore, denies the same.

4. To the extent the allegations in paragraph 4 of the Amended Complaint state a legal conclusion, no response is required. To the extent that the allegations in paragraph 4 are contrary to law, they are denied. Certain other allegations in paragraph 4 of the Amended Complaint refer to a document, which speaks for itself. SafeRent denies any allegations that are inconsistent with the document. The remaining allegations in paragraph 4 of the Amended Complaint are denied.

**JURISDICTION**

5. The allegations in paragraph 5 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 5 are contrary to law, they are denied.

**PARTIES**

6. The allegations in paragraph 6 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 6 are contrary to law, they are denied.

7. SafeRent admits the allegations contained in paragraph 7 of the Amended Complaint.

8. The allegations in paragraph 8 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 8 are contrary to law, they are denied.

## FACTUAL ALLEGATIONS

9. SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint and, therefore, denies the same.

10. SafeRent lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint and, therefore, denies the same.

11. The allegations in paragraph 11 of the Amended Complaint refer to a document, which speaks for itself. SafeRent denies any allegations that are inconsistent with the document.

12. The allegations in paragraph 12 of the Amended Complaint refer to a document, which speaks for itself. SafeRent denies any allegations that are inconsistent with the document. SafeRent denies any remaining allegations in paragraph 12 of the Amended Complaint.

13. The allegations in paragraph 13 of the Amended Complaint refer to a document, which speaks for itself. SafeRent denies any allegations that are inconsistent with the document. SafeRent denies the remaining allegations in paragraph13 of the Amended Complaint.

14. The allegations in paragraph 14 of the Amended Complaint are denied.

15. The allegations in paragraph 15 of the Amended Complaint referring to the procedures used by SafeRent are denied. SafeRent lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Amended Complaint and, therefore, denies the same.

16. SafeRent lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Amended Complaint and, therefore, denies the same.

17. The allegations in paragraph 17 of the Amended Complaint are denied.

18. The allegations in paragraph 18 of the Amended Complaint refer to a document, which speaks for itself. SafeRent denies any allegations that are inconsistent with the document.

19. The allegations in paragraph 19 of the Amended Complaint refer to a document, which speaks for itself. SafeRent denies any allegations that are inconsistent with the document.

20. The allegations in paragraph 20 of the Amended Complaint are denied.

21. The allegations in paragraph 21 of the Amended Complaint refer to a document, which speaks for itself. SafeRent denies any allegations that are inconsistent with the document.

22. The allegations in paragraph 22 of the Amended Complaint are denied.

23. The allegations in paragraph 23 of the Amended Complaint are denied.

24. Defendant admits that it received the records appearing on Items 1 and 6 of the report at issue from the Michigan Department of Corrections, which reflect records from the jurisdiction of Berrien, Michigan. Defendant admits that it received the record appearing on Item 2 of the report at issue from the Ohio Department of Corrections, which reflect records from the jurisdiction of Franklin, Ohio.

25. Defendant admits that it received the records appearing on Item 5 of the report at issue from the Stafford Circuit Court, which reflect records from the jurisdiction of Stafford County in the Commonwealth of Virginia.

26. Defendant denies the allegations in paragraph 26 of the Amended Complaint.

27. The allegations in paragraph 27 of the Amended Complaint refer to a document, which speaks for itself. SafeRent denies any allegations that are inconsistent with the document. SafeRent denies the remaining allegations in paragraph 27.

28. The allegations in paragraph 28 of the Amended Complaint are denied.

**CLAIM I – FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**

29. SafeRent repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

30. The allegations in paragraph 30 of the Amended Complaint are denied.

31. The allegations in paragraph 31 of the Amended Complaint are denied.

32. The allegations in paragraph 32 of the Amended Complaint are denied.

33. The allegations in paragraph 33 of the Amended Complaint are denied.

**CLAIM TWO – FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681g**

34. SafeRent repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

35. The allegations in paragraph 35 of the Amended Complaint are denied.

36. The allegations in paragraph 36 of the Amended Complaint are denied.

37. SafeRent denies that Plaintiff may recover any of the requested relief.

Without admitting any of the allegations in the Amended Complaint, and without admitting or acknowledging that SafeRent bears the burden of proof as to any of them, SafeRent asserts the following defenses. SafeRent intends to rely on any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

**FIRST ADDITIONAL DEFENSE**

The Amended Complaint herein, and each cause of action thereof, fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against SafeRent, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from SafeRent.

**SECOND ADDITIONAL DEFENSE**

Plaintiff's claims fail to the extent that they are barred because all information SafeRent communicated to any third person regarding Plaintiff was true.

**THIRD ADDITIONAL DEFENSE**

The Amended Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail himself of the rights he claims under the FCRA. Plaintiff's alleged damages, if any, are speculative or uncertain and therefore not compensable.

**FOURTH ADDITIONAL DEFENSE**

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, SafeRent acted in good faith and complied fully with the FCRA and relevant state laws.

**FIFTH ADDITIONAL DEFENSE**

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which SafeRent continues to deny, were the result of acts or omissions of third persons over whom SafeRent had neither control nor responsibility.

**SIXTH ADDITIONAL DEFENSE**

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others over whom SafeRent had neither control nor responsibility.

**SEVENTH ADDITIONAL DEFENSE**

Plaintiff's claim for punitive damages fails to the extent that the Amended Complaint states no facts in support of a claim for punitive damages.

**EIGHTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to protect himself from damages, if any, or failed to mitigate his alleged damages.

**NINTH ADDITIONAL DEFENSE**

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against SafeRent, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. SafeRent is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

**TENTH ADDITIONAL DEFENSE**

SafeRent reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**PRAYER**

WHEREFORE, SafeRent requests that this Court:

1. Dismiss Plaintiff's Amended Complaint with prejudice;
2. Enter judgment in favor of SafeRent;
3. Award SafeRent its attorneys' fees and costs of suit incurred in defending against the Amended Complaint; and
4. Award SafeRent such other relief the Court deems appropriate.

**CORELOGIC SAFERENT, LLC**

By: /s/ Meagan A. Mihalko

David N. Anthony, Bar No. 31696
Timothy St. George, Bar No. 77349
Meagan Anne Mihalko, Bar No. 80703
TROUTMAN SANDERS LLP
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122 (23218-1122)
Richmond, VA 23219
Telephone: 804.697.1200
Facsimile: 804.697.1339

*Counsel for Defendant CoreLogic SafeRent, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of April, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Kristi C. Kelly
Andrew J. Guzzo
Kelly & Crandall PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: (703) 424-7570
Facsimile: (703) 591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

*Counsel for Plaintiff*

/s/Meagan A. Mihalko
Meagan A. Mihalko (VSB No. 80703)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1281
Facsimile: (804) 697-1339
Email: meagan.mihalko@troutmansanders.com